IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT C. MEBANE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**DECK HELMET, INC.,** a Maryland corporation,<br><br>*Defendant,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Robert C. Mebane ("Plaintiff Mebane" or "Mebane") brings this Class Action Complaint and Demand for Jury Trial against Defendant Deck Helmet, Inc. ("Defendant" or "Deck Helmet") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Mebane, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Robert C. Mebane is a resident of Deale, Maryland.

2. Defendant Deck Helmet is a Maryland incorporation headquartered at Suite 235, 4938 Hampden Lane, Bethesda, Maryland 20814. Defendant Deck Helmet conducts business throughout this District and the US.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters in this District and conducts business in and from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and because the wrongful conduct giving rise to this case was directed from this District.

**INTRODUCTION**

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 3.6 billion robocalls were placed in December 2021 alone, at a rate of 115.1 million calls per day. www.robocallindex.com (last visited January 19, 2021).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15. Defendant Deck Helmet specializes in providing deck resurfacing services to consumers in and around Maryland.[3]

16. Defendant Deck Helmet makes cold calls to prospective consumers to solicit their services to the consumers.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/deck-helmet/about/

17. Defendant Deck Helmet uses pre-recorded voice message calls, despite having never obtained the necessary consent required to place the calls.

18. There are numerous complaints posted online about unsolicited telemarketing calls that consumers received from Defendant Deck Helmet, including pre-recorded voice message calls, for instance:

- "Did not answer but this was Deck Helmet with a pre-recorded voicemail."[4]

- "Called again and "Carl" started to leave a message and stopped when he realized the answering machine answered the call . Whitepages.com  shows high spam level for this number.  One user said it was Deck Helmet."[5]

- "Continued calls from this number.  "DECK HELMET" -  I had previous experience with multiple calls from different numbers to this "company".  I told them I would be notifying the FCC and FTC.  Calls stopped for over a year, and  now.. here they go again.... idiots."[6]

- "Deck Helmut automated ROBO-SPAM CALL MESSAGES. They have called & RE-called me 28 times, so far just today! They call similar to this nearly every day since I've blocked their text messages and this started. They are ROBO-SPAM calling up to 5 blocked calls per minute, my phone just goes crazy. This all began after me contacting them for a generalized price estimate for my deck. They were so forceful about needing to physically come over to give me an estimate I told them I'd call them back if I wanted them to come by. They pushed so much I had to get rude to get off the phone.
Since then, they began to text me frequently, and I don't recall ever giving them permission to. I replied for them to "STOP." Since then, they've been spam calling like this and I've been reporting them everywhere.
28 TIMES TODAY ALONE THEY CALLED (blocked by AT&T call protect app)!"[7]

- "Caller Name: Deck Helmet – Maryland
Annoying unsolicited robocall. Have never done business w/them. Never will now."[8]

**PLAINTIFF MEBANE'S ALLEGATIONS**

---

[4] https://800notes.com/Phone.aspx/1-301-200-1611
[5] *Id.*
[6] *Id.*
[7] https://800notes.com/Phone.aspx/1-301-200-1611
[8] https://lookup.robokiller.com/p/301-200-1611

19. Plaintiff Mebane registered his residential phone number on the DNC on May 4, 2005.

20. Plaintiff's number is for personal use and not associated with a business.

21. In early January 2021, Plaintiff started receiving unsolicited pre-recorded calls regarding Defendant Deck Helmet's deck resurfacing services. All these calls were placed using the phone number 800-522-4356.

22. Again in January 2019, Plaintiff Mebane received another unsolicited telemarketing call to his residential phone from the Defendant using the same phone number 800-522-4356 using a pre-recorded voicemail soliciting Defendant's services.

23. Plaintiff did not answer either of these calls resulting in Defendant leaving pre-recorded voice messages on the Plaintiff's voicemail.

24. On December 1, 2021, Plaintiff received yet another call from the Defendant using the same phone number 800-522-4356. Plaintiff did not answer this call and received another pre-recorded voicemail soliciting Defendant's services.

25. The phone number 800-522-4356 belongs to Defendant Deck Helmet.

**Serving Locations Nationally!**
**800-522-4356**
▶ Schedule an Appointment

[9]

26. Plaintiff was not looking for deck resurfacing service or any related home improvement services and did not give consent to Defendant or its agents to call his phone.

---

[9] https://www.deckhelmet.com/

27. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Mebane in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of his phone.

28. Seeking redress for these injuries, Plaintiff Mebane, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

29. Plaintiff Mebane brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Deck Helmet called on their cellular or residential landline telephone number (2) using an artificial or pre-recorded voice.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Deck Helmet called more than one time, (2) within any 12-month period, (3) where the person's residential cellular or landline telephone number had been listed on the National Do Not Call Registry for at least thirty days.

30. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Mebane anticipates the need to amend the Class definition following appropriate discovery.

31. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant Deck Helmet or its agents placed pre-recorded voice message calls to Plaintiff Mebane and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether Defendant placed multiple calls to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to make the calls;

(c) whether the calls constitute a violation of the TCPA;

(d) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(e) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

33. **Adequate Representation**: Plaintiff Mebane will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Mebane has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Mebane and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial

resources to do so. Neither Plaintiff Mebane nor her counsel have any interest adverse to the Classes.

34.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Mebane. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Mebane and the Pre-recorded No Consent Class)**

35.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

36.     Defendant Deck Helmet and/or its agents transmitted unwanted telephone calls to Plaintiff Mebane and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

37.     These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Mebane and the other members of the Pre-recorded No Consent Class.

38. The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Mebane and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CAUSE OF ACTION**
Telephone Consumer Protection Act
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Mebane and the Do Not Call Registry Class)**

39. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference.

40. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

42. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf

of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Mebane requests a jury trial.

**ROBERT C. MEBANE**, individually and on behalf of all others similarly situated,

DATED this 23rd day of February, 2022.

By: /s/ Aimee Bader
Aimee Bader
Advocates Law Office, LLC
2029 Fleet Street
Baltimore, MD 21231
Telephone: (410) 537-5950
anesquire1@yahoo.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133

Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*